**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Jay Boersma, | No. CV11-768-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. |  |
| M&I Marshall & Ilsley Bank, |  |
| Defendant. |  |

Defendant M&I Marshall & Ilsley Bank ("M&I") has filed a Motion to Dismiss with Prejudice (Doc. 7) and a Motion to Strike Plaintiff's Opposition to Dismiss (Doc. 17). The Court now rules on the Motions.

## **BACKGROUND**

Plaintiff Jay Boersma has filed two previous law suits concerning M&I's right to foreclose on his residential property – *Boersma v. M&I Marshall & Ilsley Bank* CV10-2221-PHX-NVW and *Boersma v. M&I Marshall & Ilsley Bank* CV11-148-PHX-ROS.[1] Both of those prior suits were dismissed without prejudice. In this third lawsuit, Plaintiff again alleges that Defendant does not have the right to foreclose on the residential property located at 15324 E. Sundown Dr., Fountain Hills, Arizona, despite Plaintiff admittedly failing to

---

[1]The Court may consider matters of public record, like judicial filings, on a motion to dismiss without converting the motion into a motion for summary judgment. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

1  make loan payments (Doc. 7-1 ¶3) on the $1,207,500 Promissory Note signed on June 22,
2  2005 (Doc. 5-2 in CV10-2221-PHX-NVW).

## MOTION TO STRIKE

Plaintiff filed three separate responses to Defendant's Motion to Dismiss. He filed an Opposition to Motion to Dismiss on May 16, 2011 (Doc. 10), a Memorandum in Support of Opposition to Motion to Dismiss on May 31, 2011 (Doc. 13), and an Opposition to Motion to Dismiss on September 22, 2011 (Doc. 16). Defendant moves to strike the second Opposition (Doc. 16) filed on September 22, 2011.

Local Rules of Civil Procedure allow a party to file one responsive memorandum in opposition to a motion to dismiss. L.R.Civ.P. 7.2(c). If a party wants to file more than one response, then the party needs to obtain the permission of the Court.

Plaintiff filed his original Opposition on May 16, 2011, and also filed a Memorandum in Support on May 31, 2011.[2] Because Plaintiff had already filed his one allowed response to the Motion to Dismiss, he needed to seek leave to file the second Opposition he filed in September of 2011. Because Plaintiff did not receive permission from the Court to file the second Opposition, the Court will grant Defendant's Motion to Strike the second Opposition (Doc. 16). Even if the Court had allowed the second Opposition, the Court would not have reached a different result on the Motion to Dismiss.

## MOTION TO DISMISS

### I. Legal Standard

The Court may dismiss a complaint for failure to state a claim under 12(b)(6) for two reasons: 1) lack of a cognizable legal theory and 2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To survive a 12(b)(6) motion for failure to state a claim, a complaint must meet the

---

[2] Defendant has not moved to strike the Memorandum that Plaintiff filed on May 31, 2011, which Plaintiff also filed without leave.

- 2 -

requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id.* Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1202, pp. 94, 95(3d ed. 2004)).

Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(citing *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than naked assertions will not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 129 S.Ct. at 1949. Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and the

1  Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## II.    Analysis and Conclusion

Plaintiff's Complaint contains a lot of general allegations regarding securitization of loans in the banking industry. Plaintiff does not assert that Defendant definitely sold his loan into the secondary market, but that many loans are re-packaged and sold. The Complaint also quotes from some federal statutes and rules. The only legal theory that Plaintiff specifically alleges against Defendant is the so-called "show me the note" theory. Plaintiff asserts that unless Defendant can produce his original Promissory Note, Defendant cannot foreclose on his property.

In Arizona, and "[u]nlike their judicial foreclosure cousins that involve the court, deed of trust sales are conducted on a contract theory under the power of sale authority of the trustee." *In re Krohn*, 52 P.3d 774, 777 (Ariz. 2002). *See also* A.R.S. § 33-807(A) (providing power of sale authority to trustee after default). Plaintiff does not cite, nor is the Court aware of, any controlling Arizona authority requiring the production of the original note before the commencement of a foreclosure sale. To the contrary, courts within the District of Arizona "have routinely held that [the] 'show me the note' argument lacks merit." *Diessner v. Mortgage Elec. Registration Sys.*, 618 F.Supp.2d 1184, 1187-88 (D. Ariz. 2009) (quoting *Mansour v. Cal-W. Reconveyance Corp.*, 618 F.Supp.2d 1178, 1181 (D. Ariz. 2009)). And the Arizona Court of Appeals, citing precedent from this Court, recently confirmed that "Arizona's non-judicial foreclosure statute does not require presentation of the original note before commencing foreclosure proceedings." *Hogan v. Wash. Mut. Bank, N.A.*, 261 P.3d 445, 448 (Ariz. Ct. App. 2011).

Plaintiff acknowledges that a trustee does not have to produce the original promissory note before it initiates a trustee sale. But he argues that Defendant must produce the Promissory Note here because he has challenged Defendant's "standing" to foreclose. The

- 4 -

fact that Plaintiff has filed a lawsuit does not change the rules regarding production of the note. Because Plaintiff's only claim, the "show me the note" claim, fails as a matter of law, the Court will grant the Motion to Dismiss.

Moreover, even if Defendant were required to produce Plaintiff's Promissory Note, Defendant has done so. Defendant attached both the Recorded Deed of Trust and Plaintiff's Promissory Note as exhibits to its motion to dismiss in Plaintiff's first case. (Docs. 5-1 & 5-2 CV10-2221-PHX-NVW).

The Court will grant the Motion to Dismiss with prejudice because Plaintiff could not allege any more facts that would save his "show me the note" claim and amendment is therefore futile.

Accordingly,

**IT IS ORDERED** Granting Defendant's Motion to Strike (Doc. 17).

**IT IS FURTHER ORDERED** Granting Defendant's Motion to Dismiss with prejudice (Doc. 7).

DATED this 31st day of January, 2012.

James A. Teilborg
United States District Judge